WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Houston Kerwin, | No. CV-24-03244-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Health, et al., | |
| Defendants. | |

Plaintiff Matthew Houston Kerwin filed an application to proceed in forma pauperis and a complaint against Banner Health, Banner Baywood Medical Center, and three individual physicians based on care provided to his mother. (Doc. 1, 2.) Kerwin is entitled to proceed in forma pauperis, but his complaint is dismissed for lack of jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have an independent duty to determine if they have jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Kerwin attempts to invoke federal jurisdiction based on the defendants qualifying as "state actors" that can be liable for violating his mother's constitutional rights. 42 U.S.C. § 1983. Defendants, however, do not qualify as state actors.

Kerwin alleges his mother went to defendant Banner Baywood Medical Center for "an abdominal hernia mesh repair surgery." (Doc. 1 at 4.) While there his mother received treatment from the three physicians named as defendants. Those physicians "acted under

1. Color of State Law" and "ultimately put [Kerwin's mother] to death when she should have been allowed to recover." (Doc. 1 at 8, 4.) Kerwin's complaint alleges a claim under 42 U.S.C. § 1983 because he believes the physicians' treatment of his mother was "in violation of the 8th Amendment to the United States Constitution." (Doc. 1 at 1.)

A § 1983 claim "requires the wrongdoer to be a state actor." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021). There are four tests by which defendants might qualify as state actors: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Id.* at 1167. Kerwin has not alleged facts supporting any of these tests. His only allegations regarding the "state actor" requirement are the three physicians "acted under color of state law by virtue of their medical license[s]" and the nurses carried out the physicians' orders "according to the rule of law." (Doc. 1 at 6, 8.) Physicians do not qualify as state actors merely because they possess state-issued licenses. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 814 (2019) (noting "the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor"). And there are no allegations establishing the defendant entities—Banner Health and Banner Baywood Medical Center—qualify as state actors.

Given the underlying events, Kerwin would not be able to allege additional facts that would support federal jurisdiction and granting leave to amend would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (district court may dismiss without leave to amend when amendment would be futile). This case is dismissed without prejudice.

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

/
/
/
/
/

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED**. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

Dated this 26th day of November, 2024.

Honorable Krissa M. Lanham
United States District Judge